UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROSCOE R. McWILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09CV609 RWS |
| | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Roscoe R. McWilliams, a pro se litigant, alleges Defendant Chase Home Finance, LLC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2006), the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1691 (2006), the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601-2617 (2006), and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. (2006). Chase moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). Because I find that McWilliams has failed to state any claim upon which relief may be granted, I will grant Chase's motion to dismiss.

## *Background*[1]

Coldwell Banker Home Loans loaned Roscoe McWilliams $110,000

---

[1] These facts are taken from McWilliams' Complaint, Amended Complaint, "Supplemental Complaint," and the attached exhibits.

pursuant to a deed of trust on September 28, 2006. The face of the note states McWilliams' monthly payments would be $783.73. But McWilliams also signed an "Initial Escrow Account Disclosure Statement" stating his mortgage payment would be "$1,016.73 of which $783.73 [would] be for Principal and Interest and $233.00 [would] go into [his] escrow account." In October 2007, JPMorgan Chase Bank, N.A. assumed responsibility for this loan and assigned it to Chase.

McWilliams filed this action on April 20, 2009. Since that time, McWilliams has submitted two additional complaints: an amended complaint on May 15, 2009 and a "Supplemental Complaint" on February 18, 2010. All of McWilliams' pleadings raise the same allegations against Chase. McWilliams alleges that Chase: "failed and neglected to execute and expedite the terms and conditions" of his mortgage agreement; tried "to foreclose on [his] house illegally;" "has placed [him] under duress and imposed an undue hardship on [him]" by "conducting and performing erroneous and fallacious methods [and] by not operating and functioning in an accurate and expeditious manner;" and, "has discriminated against [him] based on [his] race, color, age, and disability by not providing a physical location in [his] community to properly service [his] home loan."

McWilliams has made several demands for relief. He first asks that Chase

refrain from "such illegal activities and practices" and "maintain [his] account in proper fashion in the future." He next demands that the Department of Justice mediate his case and "update and maintain [his] financial records." Finally, McWilliams claims actual and punitive damages, plus $250,000.00 "to recover damages for the balance due on the loan."

*Legal Standard*

When ruling upon a motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. FED. R. CIV. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002). Despite this standard, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

*Discussion*

*Claims under the FDCPA*

McWilliams alleges that Chase violated the following five provisions of the FDCPA: 1) 15 U.S.C. § 1692c, Communication with Debt Collector; 2) 15 U.S.C. § 1692d, Harassment or Abuse; 3) 15 U.S.C. § 1692e, False or Misleading Representations; 4) 15 U.S.C. § 1692f, Unfair Practices; and, 5) 15 U.S.C. § 1692g, Validation of Debts. Each section mandates or prohibits certain action by debt collectors. See 15 U.S.C. § 1692c ("Without the prior consent of the consumer . . . , a *debt collector* may not communicate with a consumer in connection with the collection of any debt . . . ."); 15 U.S.C. § 1692d ("A *debt collector* may not engage in any conduct . . . to harass, oppress, or abuse any person in connection with the collection of a debt."); 15 U.S.C. § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.); § 15 U.S.C. 1692f ("A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt."); 15 U.S.C. § 1692g ("[A] *debt collector* shall . . . send the consumer a written notice containing . . . .") (emphases added).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). But the FDCPA also limits this definition. Among other limitations, "debt collector" does not include "any officer or employee of a *creditor*[2] while, in the name of the *creditor*, collecting debts for such *creditor*." 15 U.S.C. § 1692a(6)(A) (emphases added). It also does not include the following:

> any person while acting as a debt collector, for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

15 U.S.C. § 1692a(6)(B). Finally, it does not include "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F). These limitations make clear that an entity attempting to collect its own debt is not a "debt collector" under the FDCPA.

Chase moves for dismissal of the FDCPA claims. Chase argues that it is not a "debt collector" under the FDCPA because its "primary business purpose is

---

[2] "Creditor" includes "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

5

lending; not (like a collection agency) to collect debts." McWilliams has not specifically alleged that Chase is a debt collector but he describes himself and Chase as having a "contractual agreement for the purchase and repayment of a loan for [his] house." McWilliams also states that Chase "sent letters . . . to accelerate the maturity of the loan, [and] to commence foreclosure proceeding." Because McWilliams' complaint alleges that Chase has attempted to collect its own debt, Chase is not liable under the FDCPA as a matter of law. I will therefore dismiss McWilliams' FDCPA claims.

*Claims under the FCRA*

McWilliams alleges that Chase violated 15 U.S.C. § 1681s-2(a)(1) of the FCRA which sets out responsibilities for furnishers of information to consumer reporting agencies. Chase argues there is no private right of action under § 1681s-2(a), so this claim should be dismissed.

A consumer does not have a private right of action to enforce 15 U.S.C. § 1681s-2(a). Private rights of action under the FCRA arise under 15 U.S.C. § 1681n (civil liability for willful noncompliance) and 15 U.S.C. § 1681o (civil liability for negligent noncompliance). But §§ 1681n and 1681o do not apply to §

1681s-2(a). See 15 U.S.C. § 1681s-2(c)(1).³ Instead, as § 1681s-2(d) indicates, enforcement of § 1681s-2(a) is limited to federal agencies and officials and state officials identified § 1681s. See also Gordon v. Greenpoint Credit, 266 F. Supp. 2d 1007, 1009 (S.D. Iowa 2003) (noting that plaintiffs could not maintain a private cause of action against defendants for failing to provide accurate information under § 1681s-2(a) because enforcement is limited to federal and state agencies and officials). Because McWilliams has no cause of action against Chase under § 1681s-2(a) as a matter of law, I will dismiss the FCRA claim.

*Claims under RESPA*

McWilliams alleges that Chase committed two violations of RESPA, one under 12 U.S.C. § 2609 and another under § 2605(g). Chase contends that there is no private right of action under § 2609 and that McWilliams failed to sufficiently plead a § 2605 claim by not alleging any actual damages. I agree with Chase that these claims should be dismissed.

McWilliams alleges Chase violated 12 U.S.C. § 2609 by requiring him "to pay $1,027.92 which includes $244.19 into an escrow account instead of $783.73." Although McWilliams does not so explicitly state, this most closely

---

³The section reads "sections 1681n and 1681o of this title do not apply to any violation of subsection (a) of this section, including any regulations issued thereunder." 15 U.S.C. § 1681s-2(c)(1).

alleges a violation of § 2609(a)(1), which provides that a "lender . . . may not require the borrower to deposit in an escrow account . . . an aggregate sum (for such purpose) in excess of a sum that will be sufficient to pay such taxes, insurance premiums . . . ." However, § 2609 does not explicitly create a private right of action.

To determine if Congress intended to create a private right of action courts apply the United States Supreme Court's four part test established in Cort v. Ash, 422 U.S. 66 (1975). The four factors to be considered are: (1) whether the plaintiff is a member of a class for whose especial benefit the statute was enacted; (2) whether there is any explicit or implicit indication of congressional intent to create or deny a private remedy; (3) whether a private remedy would be consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. Id. at 78. These factors are not equally weighted; the central inquiry is whether Congress intended to create a private right of action. Furrer v. Brown, 62 F.3d 1092, 1100 (8th Cir. 1995) (citing Touche Ross & Co. v. Redington, 442 U.S. 560, 575 (1979)).

Before applying this test, the Court notes that the majority of courts applying this test to § 2609 have not found an implied private right of action. See Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1301-02 (5th Cir. 1995); Allison

v. Liberty Sav., 695 F.2d 1086, 1088-91 (7th Cir. 1982), Birkholm v. Wash. Mut. Bank, F.A., 447 F. Supp. 2d 1158 (W.D. Wash. 2006).[4]

Applying the Cort factors to § 2609, I find there is no private right of action. When § 2609 is compared with other RESPA sections, it is clear that Congress intended to exclude private remedies under § 2609. While § 2609 is silent on private remedies, other sections explicitly provide them. See 12 U.S.C. § 2605(f) (allowing actual damages to individual borrowers and in class actions from whoever fails to comply with any provision of § 2605); 12 U.S.C. § 2607(d)(2) (holding persons who violate § 2607 jointly and severally liable to persons charged with settlement services); 12 U.S.C. § 2608 (holding sellers that violate that section liable to buyers). This conclusion is bolstered by the fact that § 2614[5] mentions the recovery of damages only in connection with 12 U.S.C. §§ 2605, 2607, and 2608. The Supreme Court has noted in these instances that "when Congress wished to provide a private damage remedy, it knew how to do so and

---

[4] One court found an implied right of action, but it declined to apply the Cort test. See Vega v. First Federal Sav. & Loan Assoc., 622 F.2d 918, 925 n. 8 (6th Cir. 1980). The Eighth Circuit declined to address this issue in DeBoer v. Mellon Mortgage Co., 64 F.3d 1171 (8th Cir. 1995), but did note "that a number of . . . courts have also found no viable cause of action." Id. at 1177.

[5] "Any action to recover damages, pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court for the district in which the property involved is located. . . ." 12 U.S.C. § 2614.

did expressly." Touch Ross & Co., 442 U.S. at 572. The absence of an explicit private remedy under § 2609, when it is provided in other sections of the statute, indicates that Congress chose not to allow a private cause of action under § 2609. See also Allison, 695 F.2d at 1089 (noting also that the legislative history is silent on any congressional intent to allow a private right of action under § 2609).

McWilliams next alleges that Chase violated 12 U.S.C. § 2605(g) of RESPA. This section requires servicers of a loan to make timely payments from an escrow account to pay taxes, insurance premiums, and other charges. Chase contends that McWilliams has failed to state a cause of action because McWilliams has not alleged any proximately caused damages. I agree with Chase.

Unlike § 2609, 12 U.S.C. § 2605 permits private rights of action. However, a plaintiff who alleges a breach of § 2605 without alleging damages fails to state a cause of action. See Reese v. JPMorgan Chase & Co., 2009 WL 3346783, at *10 (S.D. Fla.); Byrd v. Homecomings Financial Network, 407 F. Supp. 2d 937, 946 (N.D. Ill. 2005) (finding that a plaintiff who could not show actual damages as required by § 2605(f) fails to state a claim under RESPA as a matter of law).

McWilliams has not alleged the § 2605(g) violation with the required specificity. McWilliams purports to claim "actual and punitive monetary" damages "for the acts alleged in [his] complaint[s]." He also claims "$250,000.00

to recover damages for the balance due on the loan, the incidental charges erroneously charged to [his] account, and for the aggravation of his [disability]." But these broad claims do not suggest how the alleged § 2605(g) violation caused or contributed to these "damages" and, thus, he has not properly stated a RESPA claim.  See Jones v. ABN AMRO Mortgage Group, Inc., 551 F. Supp. 2d 400, n. 9 (E.D. Pa. 2008).  Accordingly, I will dismiss McWilliams' RESPA claims.

*Claims under the FHA*

McWilliams finally alleges Chase violated several sections of the FHA.  He claims Chase violated 42 U.S.C. § 3604(b), which prohibits discrimination against persons in the terms, conditions, or privileges of sale or rental of a dwelling because of race, color, religion, sex, familial status or national origin.  He also claims that Chase violated 42 U.S.C. § 3604(f)(2)(A) which similarly prohibits discrimination because of a handicap.  Finally he claims that Chase violated 42 U.S.C. § 3605(a) which makes it unlawful for any business engaged in residential real estate-related transactions to discriminate against any person in the making available such transaction based on race, color, religion, sex, handicap, familial status or national origin. McWilliams alleges that Chase violated these sections by discriminating against him because of his disability, by not having a local office in his neighborhood, and by being intolerant of his disability, cultural heritage, and

11

ethnicity. Chase contends that McWilliams has not properly alleged the elements necessary to state an actionable FHA claim. I agree with Chase.

Even with a liberal construction, McWilliams's FHA allegations against Chase do not satisfy the pleading requirements of FED. R. CIV. P. 8(a)(2) as set forth by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint fails to satisfy this requirement if it merely "tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949. Stated differently, a complaint needs "to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible." Id. at 1952.

McWilliams fails to allege enough facts to meet this burden. While McWilliams asserts that Chase violated § 3604(f)(2)(A) by discriminating against him because of his disability, he never identifies how he is disabled or whether Chase knew of the disability. McWilliams also asserts that Chase violated § 3604(f)(2)(A) by not having an office in his local neighborhood; he explains that mail order processing inhibits his ability to efficiently pay his debts. However, inefficiency and inconvenience is not the same as discrimination. McWilliams has also failed to allege how Chase treats him differently than others by not having

an office in his neighborhood. Finally McWilliams asserts that Chase violated §§ 3604(b) and 3605(a) by not allowing him to refinance with a company more "tolerant and forgiving of his cultural heritage and ethnicity," but he does not even identify his heritage and ethnicity or suggest how Chase's actions were "intolerant." Because McWilliams' FHA allegations are full of conclusory language and devoid of any factual content that would nudge his claim to plausibility, McWilliams does not state a claim and Chase's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [#32] is **GRANTED**.

An accompanying Order of Dismissal is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2010.